■ In the Matter of CARMEN RODRIGUEZ. GRUTMAN, GREENE & HUMPHREY, Nonparty Appellant; KATZ, KATZ & BLEIFER, Nonparty Respondent. [609 NYS2d 820] —In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator, the law firm representing the conservator appeals from (1) so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated April 19, 1991, as, inter alia, directed it to compensate the conservatee's guardian ad litem for services rendered by the guardian on behalf of the conservatee, and (2) an order of the Supreme Court, Queens County (Kassoff, J.), dated December 17, 1991, which denied its motion to resettle an order of the same court dated April 19, 1991.

Ordered that the appeal from the order dated December 17, 1991 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 19, 1991, is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the guardian ad litem shall be paid out of the funds of the conservatee.

No appeal lies from an order denying resettlement of a decretal paragraph of a prior order (see, Chase v Willis, 199 AD2d 455; Blume v Blume, 124 AD2d 771).

We agree with the appellant's contention that under Mental

Hygiene Law § 77.07 (d) an allowance for the guardian ad litem of a proposed conservatee is to be paid out of the funds of the conservatee and not by the attorney for the conservator.

In light of the foregoing determination, we do not reach the appellant's alternate contention that prior counsel for the conservator should also contribute to the allowance for the guardian ad litem. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.